ANH PHOONG SALCEDO, NV Bar No. 16750
Anh@phoonglaw.com
PHOONG LAW
5980 S. Rainbow Blvd., #200
Las Vegas, NV 89118
Tel: (866) 468-1246
Fax: (888) 546-3834

ATTORNEYS FOR PLAINTIFF

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| C.T., a minor by and through his Guardian Ad Litem PAMELA ROSS,<br><br>                    Plaintiff,<br><br>    v.<br><br>CLARK COUNTY SCHOOL DISTRICT, MELISSA OLSZEWSKI (fka Melissa Walker), SHAWN HALLAND, and DOES 1–50,<br><br>                    Defendants. | Case No. 2:25-cv-01988-MMD-BNW<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**<br><br>District Judge Miranda M. Du<br>Magistrate Judge Brenda Weksler<br><br>Date Filed: October 16, 2025<br>Trial Date: To be Assigned |

Plaintiff C.T., by and through his Guardian ad Litem PAMELA ROSS ("Plaintiff") and Defendants Clark County School District ("CCSD") and Shawn Halland ("Halland"), hereinafter collectively the "Parties", by and through their respective undersigned counsel, hereby stipulate and agree as follows:

Pursuant to the Stipulation contained herein, by and among counsel for Plaintiff C.T., by and through his Guardian Ad Litem PAMELA ROSS, and counsel for Defendants CLARK COUNTRY SCHOOL DISTRICT ("CCSD"), and SHAWN HALLAND ("Halland"), and P*ro Se* Defendant, Melissa Olszewski, the Court hereby finds as follows:

## PURPOSES AND LIMITATIONS

1.    Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special

STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER
CASE NO. 2:25-cv-01988-MMD-BNW

ACTIVE 718198127v2

protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties hereby jointly stipulate to and petition the court to enter the following Stipulated Confidentiality Agreement and Protective Order (hereinafter "Order").  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, or any categories of information not specifically addressed herein, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to CONFIDENTIAL treatment under the applicable legal principles, and designated "CONFIDENTIAL" as described herein.  The parties further acknowledge, as set forth further below, that this Stipulated Confidentiality Agreement and Protective Order does not entitle them to file CONFIDENTIAL information under seal or otherwise change Federal or Local rules, procedures, and standards to be applied when a party seeks permission from the court to file material under seal. The "Litigation" shall mean the above-captioned case, *C.T. v. Clark County School District, et al.*, filed in the United States District Court, District of Nevada, Case Number 2:25-cv-01988-MMD-BNW.

2.    "Documents" or "Information" shall mean and include any documents (whether in hard copy or electronic form), records, correspondence, analyses, assessments, statements (financial or otherwise), responses to discovery, tangible articles or things, whether documentary or oral, and other information provided, served, disclosed, filed, or produced, whether voluntarily or through discovery or other means, in connection with this Litigation.  A draft or non-identical copy is a separate document within the meaning of these terms.

3.    "Party" (or "Parties") shall mean one party (or all parties) in this Litigation, and their in-house and outside counsel. "Producing Party" shall mean any person or entity who provides, serves, discloses, files, or produces any Documents or Information. "Receiving Party" shall mean any person or entity who receives any such Documents or Information.

ACTIVE 718198127v2

4.    Personnel files of employees involved in an incident may contain confidential information.  As a result, the use of confidential information in personnel files must be limited to protect the individuals' fundamental right to privacy guaranteed by the First, Third, Fourth, Fifth, and Ninth Amendments of the U.S. Constitution. *See, El Dorado Savings & Loan Assoc. v. Superior Court of Sacramento County*, 190 Cal. App. 3d 342 (1987).  Accordingly, the Parties agree that, in conjunction with discovery proceedings in this Litigation, the Parties may designate any Document, thing, material, testimony, or other Information derived therefrom, which they in good faith believe contains non-public information that is entitled to confidential treatment under applicable legal principles, as "CONFIDENTIAL" under the terms of this Confidentiality Agreement and Protective Order (hereinafter "Order"), and that anything designated as such shall not be provided or made available to third parties except as permitted by, and in accordance with, the provisions of this Order.  Confidential information includes information that qualifies for confidential treatment under applicable legal principles, which may include information contained in personnel files of CCSD employees and/or information that has not been made public and contains trade secret, proprietary and/or sensitive business or personal information.

5.    The Parties acknowledge that discoverable information in this litigation may contain student records protected by the Family Educational Rights and Privacy Act ("FERPA"). The Parties have been meeting and conferring regarding a mechanism for disclosure of such records wherein CCSD complies with FERPA's notice provisions (i.e., a Court Order and pre-disclosure notice to parents with opportunity to object) and Plaintiff can access evidence relating to non-party students under this protective order. To date the Parties have been unable to reach an agreement on such a mechanism and Plaintiff anticipates filing a motion on the issue.

6.    Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Indiscriminate or routinized

STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER
CASE NO. 2:25-cv-01988-MMD-BNW

ACTIVE 718198127v2

designations are prohibited.

7. CONFIDENTIAL Documents shall be so designated by marking or stamping each page of the Document produced to or received from a Party with the legend "CONFIDENTIAL." The application of the legend must be made in a manner so as not to render the documents illegible, illegible after photocopying, or incapable of being subjected to Optical Scanning Recognition. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

8. Testimony taken at a deposition may be designated as CONFIDENTIAL within 45 days before the close of discovery or ten (10) business days of receipt of the transcript in any form if the deposition takes place after the aforementioned 45-day period. Arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript and deposition exhibits containing Information designated as CONFIDENTIAL, and to label such portions appropriately. CONFIDENTIAL Information shall be maintained in strict confidence by the Parties who receive such information, shall be used solely for the purposes of this Litigation, and shall not be disclosed to any person except:

    a. The United States District Court, District of Nevada, or any other court to which this matter may be transferred (the "Court"), so long as the party seeking to file a confidential document under seal complies with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and the Court's electronic filing procedures set forth in Local Rule 10-5(b);

    b. In the event of an appeal, the United States Court of Appeals (the "Appellate Court") and/or the United States Supreme Court (the "Supreme Court"), so long as that document is filed under seal;

    c. The attorneys of record in this Litigation and their co-

shareholders, co-directors, partners, employees, and associates who are assisting in the Litigation (collectively hereafter referred to as "Outside Counsel");

d.   A Party, or an officer, director, or employee of a Party or of a Party's affiliate, as long as any such person agrees to be bound by the terms and conditions of this Agreement;

e.   Subject to the terms of Paragraph 13 below, experts or consultants and their staff, retained by the Parties and/or Outside Counsel in this Litigation for the purposes of this Litigation;

f.   Any person identified on the document itself as having created, sent, received, or otherwise already viewed, the document;

g.   Any person testifying at deposition in this matter;

h.   The parent or legal guardian of any student that is the subject of the document itself;

i.   Any other person, only if the Receiving Party has given written notice to the Producing Party of an intent to disclose specified CONFIDENTIAL Information to said person, who shall be identified by name, address, phone number, and relationship, if any, to the Receiving Party, and the Producing Party has not provided a written objection to the disclosure within ten (10) business days of delivery of the notification.  In the event of an objection, no disclosure shall be made pending the resolution of the objection. Before any person may receive Documents or Information pursuant to this subparagraph, he or she must comply with the requirements of Paragraph 11 below.

9.   If a witness is providing, or is provided with, CONFIDENTIAL Information during a deposition, counsel for the Producing Party may request that all persons other than the witness and persons entitled by this Order to have access to the CONFIDENTIAL Information leave the deposition room during that portion of the deposition other than the court reporter and videographer.  Failure of any person to

ACTIVE 718198127v2

comply with such a request will constitute sufficient justification for the witness to refuse to answer the question, or for the Producing Party to demand that CONFIDENTIAL Information not be provided to the witness, pending resolution of the issue.

10.    All designations of Information as CONFIDENTIAL by the Producing Party must be made in good faith and must be based upon applicable legal principles.

11.    A Party may object to the designation of particular Information as CONFIDENTIAL by giving written notice to the Party designating the disputed Information. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The written notice objecting to the designation of particular Information as CONFIDENTIAL shall identify the Information to which the objection is made and shall specify the basis for the objection. If the Parties cannot resolve the objection within fifteen (15) business days after the time the notice is received, it shall be the obligation of the Party challenging the CONFIDENTIAL designation to file an appropriate motion requesting that the Court determine whether the disputed Information should be subject to the terms of this Protective Order. If such a motion is filed within fifteen (15) business days after the date the Parties fail to resolve the objection, the disputed Information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.

12.    While protected by this Order, any Information designated CONFIDENTIAL shall be held in strict confidence by each person to whom it is disclosed; shall be used solely for the purposes of this Litigation; and shall not be used for any other purpose, including, without limitation, use in any other lawsuit.

STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER
CASE NO. 2:25-cv-01988-MMD-BNW

ACTIVE 718198127v2

Documents and Information previously produced by the Parties may be designated "Confidential" within thirty (30) days after the date of this Order.

13.     With respect to outside experts or other persons pursuant to Paragraph 8, to become an authorized expert or other person entitled to access CONFIDENTIAL Information, the expert or other person must be provided with a copy of this Order and must sign a certification in the form attached as **Exhibit A** hereto acknowledging that he/she has carefully and completely read, understands, and agrees to be bound by this Order.  The Party on whose behalf such a Certification is signed shall retain the original Certification.

14.     Notwithstanding any other provision herein, nothing shall prevent a Party from revealing CONFIDENTIAL Information to a person who created or previously received (as an addressee or by way of copy) such Information.

15.     The inadvertent production of any Information without it being properly marked or otherwise designated CONFIDENTIAL at the time of production shall not be deemed to waive any claim of confidentiality with respect to such Information.  If a Producing Party, through inadvertence, produces any CONFIDENTIAL Information without marking or designating it as such in accordance with the provisions of this Order, the Producing Party may, promptly on discovery, furnish a substitute copy properly marked along with written notice to all Parties (or written notice alone as to non-documentary Information) that such Information is entitled to CONFIDENTIAL treatment under applicable legal principles and should be treated as such in accordance with the provisions of this Order.  Each receiving person must treat such Information as CONFIDENTIAL in accordance with the notice from the date such notice is received.  Disclosure of such CONFIDENTIAL Information prior to the receipt of such notice shall not be deemed a violation of this Confidentiality Agreement.  A Receiving Party who has disclosed such CONFIDENTIAL Information prior to the receipt of such notice shall take steps to cure such disclosure by requesting return of the original document and substituting it with the properly marked one.

STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER
CASE NO. 2:25-cv-01988-MMD-BNW

ACTIVE 718198127v2

16.    A copy of this Order shall be shown to each attorney acting as counsel for a Party and to each person to whom CONFIDENTIAL Information will be disclosed.

17.    Nothing in this Order shall be construed as an admission or agreement that any specific Information is or is not confidential, subject to discovery, relevant, or admissible in evidence in any future proceeding.

18.    Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

19.    The Parties acknowledge that this Stipulated Confidentiality Agreement and Protective Order does not entitle them to file CONFIDENTIAL Information under seal.  Any Party seeking to include CONFIDENTIAL Information in a motion or other pleading or as an exhibit or attachment to a motion or other pleading shall seek to file it under seal pursuant to the Federal Rules Governing Sealing and Redacting Court Records or by other proper means.  The Parties agree not to oppose such motions if the document is properly marked as CONFIDENTIAL Information.  If a motion or pleading filed with the Court discloses CONFIDENTIAL Information, such designated portions shall be redacted to the extent necessary to conceal such information in any motion or pleading filed publicly with the Court, pending ruling by the Court on a motion to file it under seal. Unredacted motions or pleadings containing CONFIDENTIAL Information shall be filed under seal, if the Court agrees after proper motion.  When a Party, in good faith, determines that it is necessary to bring the specific content of such CONFIDENTIAL Information to the attention of the Court in the body of a motion or other pleading, then it shall file a motion seeking to disclose the CONFIDENTIAL Information to the Court *in camera* or by such other means as the Court may deem appropriate. Such motion may disclose the general nature, but shall not disclosure the substance, of the CONFIDENTIAL Information at issue.

20.    If a Party wishes to use CONFIDENTIAL Information at a public proceeding, such as a hearing before the Court or at trial, it shall notify the Court and the other Parties to this action of that fact at the time the hearing or trial commences, and

8

the Court may then take whatever steps it may deem necessary to preserve the confidentiality of said information during the course of, and after, the public proceeding.

21. The Parties shall comply with the requirements of Local Rule 10-5(b), and the Ninth Circuit's decision in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), with respect to any documents filed under seal in this matter.

22. This Order shall not be construed to prevent any Party from making use of or disclosing Information that was lawfully obtained by a Party independent of discovery in this Litigation, whether or not such material is also obtained through discovery in this Litigation, or from using or disclosing its own CONFIDENTIAL Information as it deems appropriate.

23. If either Party becomes required by law, regulation, or order of a court or governmental entity to disclose any CONFIDENTIAL Information that has been produced to it under the terms of this Order, such Party will reasonably notify the other Parties, in writing, so that the original Producing Party has an opportunity to prevent or restrict such disclosure. The Party required to disclose any CONFIDENTIAL Information shall use reasonable efforts to maintain the confidentiality of such CONFIDENTIAL Information and shall cooperate with the Party that originally produced the Information in its efforts to obtain a protective order or other protection limiting disclosure; however, the Party required to disclose the Information shall not be required to seek a protective order or other protection against disclosure in lieu of, or in the absence of, efforts by the Producing Party to do so.

24. Upon termination of this Litigation, either by settlement or other action, any Party and its counsel that obtained CONFIDENTIAL Information through discovery shall, upon request, return all such CONFIDENTIAL Information to the Producing Party or certify as to its destruction, except that Counsel may retain CONFIDENTIAL Information solely for archival purposes. The restrictions of this Protective Order shall apply to Counsel for as long as they hold such archival

STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER
CASE NO. 2:25-cv-01988-MMD-BNW

ACTIVE 718198127v2

Documents.

25. The obligation to treat all Information designated as CONFIDENTIAL in accordance with the terms of this Order and not to disclose such CONFIDENTIAL Information shall survive any settlement or other termination of this Litigation.

26. The Parties may seek modification of this Order by the Court at any time, by stipulation or for good cause.

**IT IS SO STIPULATED.**

DATED:  2/04/2026                    PHOONG LAW CORPORATION


By: _*/s/ Anh Phoong*_____
    ANH PHOONG, ESQ.
    Counsel for Plaintiff C.T. by  and
    through his Guardian ad Litem
    PAMELA ROSS


DATED:  2/04/2026                    GREENBERG TRAURIG, LLP

By: _*/s/ Kara Hendricks*_____
    MARK E. FERRARIO, ESQ.
    KARA HENDRICKS
    ALIX R. GOLDSTEIN
    Counsel for Defendants Clark County
    School District and Shawn Halland

10

STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER
CASE NO. 2:25-cv-01988-MMD-BNW

ACTIVE 718198127v2

## ORDER

In consideration of the stipulation by the parties, and with good cause appearing,

**IT IS SO ORDERED.**

DATED this __5th___ day of _February_, 2026.

_____
UNITED STATES MAGISTRATE JUDGE

11

ACTIVE 718198127v2

## CERTIFICATE OF SERVICE

I hereby certify that on 2/04/2026               , I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants registered to receive such service.

/s/ *Peni Mualaulau*

PENI MUALAULAU

12

STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER
CASE NO. 2:25-cv-01988-MMD-BNW

ACTIVE 718198127v2

# EXHIBIT A

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| C.T., a minor, by and through his Guardian ad Litem, PAMELA ROSS,<br><br>Plaintiffs,<br><br>v.<br><br>CLARK COUNTY SCHOOL DISTRICT; MELISSA OLSZEWSKI (fka Melissa Walker), SHAWN HALLAND; and DOES 1-50,<br><br>Defendants. | CASE NO. 2:25-cv-01988-MMD-BNW<br><br><br>**CERTIFICATION REGARDING STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

I have read the Stipulated Confidentiality Agreement & Protective Order in the above-captioned case. I understand the terms of the Order, I agree to be fully bound by the terms of the Order, and I hereby submit to the jurisdiction of the United States District Court for the District of Nevada for purposes of enforcement of the Order.

Date: _____        Signature: _____

Signatory's Name, Business Affiliation, and Business Address:

_____

_____

_____

STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER
CASE NO. 2:25-cv-01988-MMD-BNW

ACTIVE 718198127v2