**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

C.T.,

                    Plaintiff,

        v.

Clark County School District, et al.,

                    Defendants.

Case No. 2:25-cv-01988-MMD-BNW

**ORDER**

Before this Court is Plaintiff's Motion for Leave to File an Amended Complaint. ECF No. 22. Defendants responded at ECF No. 25, and Plaintiff replied at ECF No. 26.

This lawsuit arises out of the alleged abuse of C.T., a minor with autism, and asserts claims against the Clark County School District (CCSD) and other Defendants. The proposed amended complaint seeks to add a second plaintiff, J.I., also a minor with disabilities, who alleges abuse by the same teacher.

Because Plaintiff has shown good cause and excusable neglect under Fed. R. Civ. P. 16, and because Defendants have not met their burden of establishing that amendment is improper under Rule 15, this Court grants Plaintiff's motion.

I.      **BACKGROUND**

The scheduling order in place required that any motion to amend the pleadings be filed by March 19, 2026. ECF No. 21. On April 1, 2026, while investigating the claims relating to C.T., Plaintiff's counsel learned of J.I. and his potential claims. J.I.'s family retained counsel on April 6, 2026. By April 23, 2026, counsel had met and conferred with Defendants regarding the proposed amendment. When no agreement could be reached, Plaintiff filed the instant motion on May 15, 2026.

The parties are familiar with the facts of this case and the arguments raised. This Court will not repeat them here except as relevant to its analysis below.

## II.   DISCUSSION

Unless a party can amend as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). "Absent a showing of prejudice or a strong showing of any of the remaining factors, there is a presumption that leave to amend should be granted." *Underwood v. O'Reilly Auto Enters., LLC*, 342 F.R.D. 338, 342 (D. Nev. 2022). "The party opposing the amendment bears the burden of showing why leave should be denied, including the burden of establishing prejudice." *Id.* at 343 (citation omitted).

However, when a scheduling order has been filed, it "controls the course of the action." Fed. R. Civ. P. 16(d). Thus, the court must first analyze the motion's compliance with Rule 16. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Under Rule 16, a pre-trial schedule may only be modified after a showing of good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). The party seeking extension bears the burden of proof and has shown good cause if they can demonstrate that scheduling deadlines cannot be met despite the party's diligence. *Johnson*, 975 F.2d at 609. "Unlike Rule 15(a)'s liberal amendment policy . . . Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Id.*

/ / /

Pursuant to Local Rule 26-3, a motion to extend a scheduling order deadline must be supported by the moving party's demonstration that the failure to act was the result of excusable neglect. LR 26-3; LR IA 6-1. The Ninth Circuit has held that courts may consider at least four factors in determining whether there is excusable neglect: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The determination of whether neglect is excusable is ultimately an equitable one, taking account of all relevant circumstances surrounding the party's omission. *See Pioneer*, 507 U.S. at 395.

**A.  Plaintiff has shown good cause under Rule 16.**

As an initial matter, this Court is troubled by Plaintiff's failure to raise and address Rule 16(b)(4), LR 26-3, and LR IA 6-1. However, in the interest of resolving the parties' dispute on the merits, this Court considered Plaintiff's arguments in its opening and reply briefs.

First, Plaintiff could not have complied with the scheduling order's deadline despite diligence because the facts giving rise to the proposed amendment were unknown until after the deadline had passed. The deadline to amend pleadings closed on March 19, 2026. Counsel did not learn of J.I.'s existence and potential claims until April 1, 2026, while investigating the claims relating to C.T. In this case, Plaintiff cannot be faulted for failing to move to amend by a deadline that expired before they learned of the facts supporting amendment.

Second, Plaintiff acted promptly once the basis for amendment became known. Within five days of counsel's discovery, J.I.'s family retained counsel on April 6, 2026. By April 23, 2026, counsel had met and conferred with Defendants regarding the proposed amendment. When no agreement could be reached, Plaintiff filed the present motion on May 15, 2026. During the six

weeks between counsel's discovery of J.I.'s claims and the filing of this motion Plaintiff took concrete steps toward amendment. As a result, this Court finds Plaintiff has satisfied the diligence requirement.

Relatedly, this Court does not read Plaintiff's motion, or Rule 16, as broadly as Defendants fear. Of course, good cause under Rule 16(b)(4) is not established by the fact that J.I. was retained after the expiration of the motion to amend deadline. Instead, it turns on whether the deadline could not have been met despite the diligence of the party seeking amendment. *Johnson*, 975 F.2d at 609. That diligence requirement supplies the safeguard Defendants suggest would be lost. A movant who knew of a potential plaintiff before the deadline to amend expired would have a harder time satisfying Rule 16's requirements. Moreover, the inquiry is whether the party was diligent in prosecuting the case and meeting the deadlines set by the scheduling order, not whether counsel undertook an affirmative search for additional plaintiffs. Especially where, as here, the record does not suggest Plaintiff was complacent in learning the identity of J.I. Accordingly, this Court finds good cause. *See Johnson*, 975 F.2d at 609; *see also Henderson v. Aria Resort & Casino Holdings, LLC*, No. 2:21:cv-00280-JAD-NJK, 2023 WL 3007914, at *3 (D. Nev. Apr. 18, 2023).

### B.  Plaintiff has shown excusable neglect under Rule 16.

Because the deadline to amend had already expired when Plaintiff filed the motion, LR 26-3 and LR IA 6-1 also require a showing of excusable neglect. The *Bateman* factors support such a finding here.

As to the reason for the delay, Plaintiff's failure to move before the March 19, 2026, deadline was not the product of carelessness. The deadline passed before counsel knew J.I.'s identity. As to the length of the delay and its impact on the proceedings, the motion was filed less than two months after the deadline, and discovery remains open. As to prejudice, the scheduling

concerns Defendants raise are addressed, and cured, in the discussion of Rule 15 prejudice below. As to good faith, Defendants do not contend that Plaintiff acted in bad faith, and nothing in the record suggests otherwise. Taking all these factors into account, Plaintiff has met his burden of demonstrating excusable neglect.

**C. Defendants have not met their burden of establishing that amendment is improper under Rule 15.**

*1. Joinder of J.I. is proper under Rule 20, and amendment is not futile.*

Defendants first argue that amendment is improper because J.I.'s claims cannot satisfy Rule 20's permissive joinder requirements. *See Bobbitt v. Milberg LLP*, 338 F.R.D. 607, 629 (D. Ariz. 2021) (amendment to add a party requires satisfaction of both Rule 15 and Rule 20). Rule 20(a)(1) permits persons to join as plaintiffs if they assert a right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all plaintiffs will arise in the action. Fed. R. Civ. P. 20(a)(1). The joinder rules are construed liberally to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits. *League to Save Lake Tahoe v. Tahoe Reg'l Plan. Agency*, 558 F.2d 914, 917 (9th Cir. 1977). The Ninth Circuit has described the term "transaction or occurrence" as referring to "similarity in the factual background of a claim." *Coughlin v. Rogers,* 130 F.3d 1348, 1350 (9th Cir.1997). Claims bearing a logical relationship to one another arise out of the same transaction or series of transactions. *Union Paving Co. v. Downer Corp.*, 276 F.2d 468, 470 (9th Cir. 1960).

Defendants emphasize that J.I.'s alleged abuse occurred during the 2018–2019 school year, one year before C.T.'s, and involved different incidents, witnesses, and damages. But Rule 20 does not require that the plaintiffs' claims arise from a single, identical occurrence; it extends to a "series of transactions or occurrences," and separate acts occurring at different times satisfy

that standard when they are logically related. *Id*. Here, both minors allege abuse by the same teacher, in the same classroom setting, in consecutive school years.

That J.I.'s claims will also require individualized proof does not defeat joinder. Rule 20 requires only that *any* common question of law or fact arise in the action, not that all questions be common. Fed. R. Civ. P. 20(a)(1)(B). And to the extent individualized issues later threaten to cause confusion or prejudice at trial, Rule 20(b) and Rule 21 give the court ample tools to manage them. Accordingly, tis Court finds that joinder of J.I. is proper under Rule 20 and that amendment is not futile on this ground.[1]

### 2. There has been no undue delay.

Defendants' undue delay arguments largely restate their Rule 16 diligence arguments, which this Court has already considered and rejected. Moreover, delay alone, even if undue, is insufficient to justify denial of leave to amend. *See Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). This Court finds no undue delay.

### 3. Any prejudice to Defendants is curable and therefore not undue.

Defendants' prejudice argument warrants more extended discussion, because it identifies a genuine scheduling problem. Defendants observe that expert disclosures are due on July 17, 2026, and that defending against J.I.'s claims will require discovery that cannot realistically be completed in that window: written discovery, J.I.'s educational, medical, and psychological records, depositions of J.I.'s guardian ad litem and family witnesses, and investigation into the circumstances and long-term effects of J.I.'s alleged injuries.

/ / /

/ / /

/ / /

---

[1] This Court's finding that joinder is proper at the pleading stage is without prejudice to Defendants' ability to seek appropriate relief on a developed record should individualized issues later predominate.

This Court does not minimize this concern. But the question under Rule 15 is not whether the amendment will require additional work. Indeed, new parties and new claims almost always do. The question is whether the resulting prejudice is undue. Here, discovery remains open, no trial date has been set, and the case schedule can be adjusted. To that end, the parties are encouraged to meet and confer regarding the additional discovery necessitated by the amendment and to submit a stipulation or, absent agreement, a motion.

### 4. *The remaining factors do not warrant denial of leave.*

Defendants do not argue bad faith, and nothing in the record suggests it. Nor has Plaintiff previously amended the complaint. Accordingly, weighing the *Corinthian Colleges* factors in favor of amendment, this Court finds that Defendants have not met their burden of showing that leave should be denied. *See Underwood*, 342 F.R.D. at 342–43.

### III.    CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 22) is **GRANTED**. The Clerk of Court is kindly directed to detach and file Plaintiff's amended complaint (ECF No. 22-3).

**IT IS FURTHER ORDERED** that the parties must meet and confer regarding the additional discovery necessitated by the amendment and, within 14 days of the date of this order, submit a stipulation—or, absent agreement, a motion—addressing any need for an extension of the case management deadline.

DATED: July 6, 2026.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE